UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BILLY VAN WINKLE JR** | **CASE NO. 6:19-CV-01264** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JAMES ARTHUR ROGERS ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## AMENDED MEMORANDUM RULING

Before the Court is Plaintiff's Motion for Leave to Amend and Supplement and to Adjust Pretrial Deadlines. (Rec. Doc. 48). Defendants, James Rogers, New Prime, Inc., and Ace American Insurance Company, opposed the Motion. (Rec. Doc. 58).[1] Plaintiff replied. (Rec. Doc. 63). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, Plaintiff's Motion is granted. Because the deadlines for the parties to submit their expert information and reports will be extended, Defendants' Motion to Strike Plaintiff's Untimely Designated Expert (Rec. Doc. 55), which Plaintiff opposed (Rec. Doc. 62), is denied as moot.

---

[1] Plaintiff filed the Motion on September 3, 2021. (Rec. Doc. 48). Defendants filed an opposition to the Motion on September 28, 2021, twenty-five days after service of the Motion. Considering the discrepancy of the time permitted for filing an opposition as set forth in the Notice of Motion Setting (Rec. Doc. 49) and Local Rule 7.5, the Court issues this Amended Memorandum Ruling to address Defendants' opposition.

**Factual Background**

Plaintiff filed suit in state court in January 2019 following an automobile accident in which a tire on a Prime truck driven by Rogers allegedly blew out and struck Plaintiff's vehicle. (Rec. Doc. 1-1, p. 34). Defendants removed the case in September 2019. (Rec. Doc. 1). Following multiple extensions and continuances, the trial was eventually set for March 28, 2022. (Rec. Doc. 42).

Plaintiff took Prime's corporate deposition on September 1, 2021. (Rec. Doc. 48-2). The corporate representative testified that the tire that blew out was an "ecotire" remanufactured or recapped by Prime. (Rec. Doc. 48-2, p. 12-14). Plaintiff contends that he was unaware of Prime's specific involvement with the tire until the corporate representative testified. Plaintiff now seeks to amend his complaint to add additional allegations and claims against Prime regarding the remanufactured tire. When the case was initially set for trial in October 2019, the deadline to amend was set for May 22, 2020. (Rec. Doc. 6). The Court has since issued three new scheduling orders; however, none of them established a new deadline to amend pleadings. (Rec. Doc. 19; 39; 42). Under the current scheduling order, the discovery deadline expires on October 18, 2021. (Rec. Doc. 42). In the meantime, in February 2021, Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims on the grounds that Plaintiff has no evidence to prove the existence of a defect in the tire or that Rogers knew or should have known of any defect. (Rec. Doc. 22-1). Plaintiff

opposed the Motion several months prior to Prime's corporate deposition in which Plaintiff learned about the ecotire. The Motion for Summary Judgment is currently pending before the District Judge.

In conjunction with his request for leave to amend the complaint, Plaintiff seeks to extend several deadlines in order to conduct discovery regarding the ecotire. (Rec. Doc. 48-1, p. 15).

## **Applicable Law**

Ordinarily, the court should freely give leave to amend when justice so requires. F.R.C.P. Rule 15(a)(2). "This standard favors leave as a necessary companion to notice pleading and discovery." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 367 (5th Cir. 2001). "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party…district courts must entertain a presumption in favor of granting parties leave to amend. *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004). The court must determine whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts, in which case amendment should be permitted; or (2) would fundamentally alter the nature of the case, in which case the court may deny amendment if circumstances warrant. *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 427 (5th Cir. 2004).

F.R.C.P. Rule 16(b) authorizes the Court to control and expedite pretrial discovery through a scheduling order. Trial courts are afforded broad discretion to preserve the integrity and purpose pretrial orders. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1012, 1018 (5th Cir. 1979)). Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). "Deadlines are deadlines for a reason. A discovery deadline is in place to ensure that other deadlines – such as those for expert reports and dispositive motions – are met. When one deadline is not met, other deadlines pass, and the District Court's trial schedule is jeopardized." *Gamma Constr. Co., Inc. v. Frank's Int'l, LLC*, No. 6:18-CV-00761, 2021 WL 3202060, at *3 (W.D. La. July 28, 2021), quoting *David v. Signal Intern., L.L.C.*, No. 08-1220, 2014 WL 6612598, at *3 (E.D. La. Nov. 19, 2014). However, the court may, for good cause shown, extend the time for a party to act when "an act may or must be done within a specified time." Fed. R. Civ. P. 6(b)(1).

Plaintiff argues that the Court should allow amendment to add allegations and claims against Prime regarding the ecotire because Plaintiff did not learn about the

4

ecotire issue until taking Prime's corporate deposition on September 1, 2021. The Court agrees that amendment is warranted in this case. The Court is persuaded by the facts that Plaintiff took Prime's corporate deposition well within the discovery deadline and that he sought leave to amend within two days of the deposition. The Court further agrees that the requested extension of deadlines is reasonable in order to allow the parties to conduct discovery, obtain expert reports, and prepare appropriate motions pertinent to the ecotire issue. The pretrial conference is not until March 17, 2022. The requested extension of deadlines allows for adequate time for resolution of any Daubert motions and motions in limine prior to the pretrial conference. Moreover,

    Defendants contend that Plaintiff was dilatory in obtaining pertinent discovery despite several indications of the tire issue during the course of early proceedings, such as at the time of Plaintiff's and Rogers's depositions. Defendants maintain that Plaintiff failed to take further steps to discover facts regarding the ecotire until after Defendants filed their motion for summary judgment. The Court acknowledges that the parties' initial deadlines expired long ago based on previous scheduling orders and that Plaintiff could have conducted pertinent discovery sooner. However, the reality of the Court's docket and the delayed trial date justify allowing the parties additional time to litigate the case. Defendants are not prejudiced by these

extensions, where trial is not until March 28, 2022, and they are likewise provided appropriate extensions.

## Conclusion

For the reasons discussed herein, Plaintiff's Motion for Leave to Amend and Supplement and to Adjust Pretrial Deadlines (Rec. Doc. 48) is GRANTED. Further, because the Court is hereby extending the time for the parties to submit expert reports, Defendants' Motion to Strike Plaintiff's Untimely Designated Expert (Rec. Doc. 55) is denied as moot.

THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of October, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE