UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BILLY VAN WINKLE JR**  **CASE NO. 6:19-CV-01264**

**VERSUS**  **JUDGE ROBERT R. SUMMERHAYS**

**JAMES ARTHUR ROGERS ET AL**  **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING AND ORDER

Before the Court is Defendants' Motion to Withdraw Admission (Rec. Doc. 71), which Plaintiff opposed (Rec. Doc. 74).

Plaintiff filed this suit following an automobile accident in which a tire on a Prime truck driven by Rogers allegedly blew out and struck Plaintiff's vehicle. Via amended complaint, Plaintiff asserted spoliation claims alleging that Prime destroyed the blown-out tire despite having notice of Plaintiff's claim and attorney representation. (Rec. Doc. 61).

In response to Plaintiff's request for admission, on December 15, 2021, Defendants admitted that Prime received a letter of representation from Plaintiff's former counsel on March 8, 2018. (Rec. Doc. 71-4, p. 6). The letter of representation was addressed to k.french@primeinc.com. (Rec. Doc. 71-3). Kevin French, Prime's claim administrator, testified by deposition on January 4, 2022 that his email address

was actually kfrench@primeinc.com and that he did not receive the letter of representation sent to the erroneous email address on March 8, 2018. (Rec. Doc. 71-5). Rather, Mr. French testified that his first notice of the claim was May 6, 2018, after the tire had been destroyed. (Rec. Doc. 71-5). Defendants now seek to withdraw their response to Plaintiff's request for admission based on Mr. French's testimony.

Rule 36(b) provides that "[a]ny matter admitted ... is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The Fifth Circuit "has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

> In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case. Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission.

*Id*. (cleaned up).

Defendants argue that withdrawal of the admission would serve the presentation of the case on the merits, because the facts are contrary to the admission. The Court agrees. Mr. French testified that he did not receive the emailed letter of representation, because it was sent to an erroneous email address. Defendants' admission that Prime did receive notice of representation based on the letter serves

no purpose other than relieve Plaintiff of the burden of proving receipt of the letter on March 8, 2018. In the same vein, Plaintiff will not be prejudiced by Defendants' withdrawal. "The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient [to show prejudice]." *N. Louisiana Rehab. Ctr., Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) quoting *F.D.I.C. v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994). Indeed, Plaintiff's scant opposition "reserves…the right to refute this allegation through cross examination and/or the presentation of evidence during the course of the remainder of this litigation." (Rec. Doc. 74). Thus, the Court finds that Defendants may withdraw their admission to Plaintiff's Request for Admission No. 1.

Accordingly,

IT IS ORDERED that Defendants' Motion to Withdraw Admission of Fact (Rec. Doc. 71) is GRANTED.

Signed at Lafayette, Louisiana on this 10th day of January, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE