# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**BILLY VAN WINKLE, JR.**                 **CASE NO.  6:19-CV-01264**

**VERSUS**                                **JUDGE ROBERT R. SUMMERHAYS**

**JAMES ARTHUR ROGERS, ET AL.**           **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff, Billy C. Van Winkle, Jr., whereby Plaintiff seeks dismissal of the Fifth and Eighth Defenses asserted by Defendants in their Answer to Plaintiff's Complaint.[1] Defendants, James Arthur Rogers, Ace American Insurance Company, and New Prime, Inc., oppose the motion, arguing genuine issues of material fact exist and therefore the motion must be denied.[2] Plaintiff has filed a brief in reply.[3] For the reasons that follow, Plaintiff's motion is DENIED.

## I.
### BACKGROUND

On February 6, 2018 at approximately 9:15 p.m., Plaintiff was driving west on Interstate 10 behind a tractor-trailer owned by New Prime and operated by Rogers. Plaintiff alleges that the right, rear tire of Rogers' trailer "came apart and was thrown into the roadway, which Plaintiff, unable to avoid the debris, then struck, causing the Plaintiff's injuries."[4] Plaintiff filed suit in the 15th Judicial District Court for the Parish of Acadia in January 2019 against Rogers, New Prime

---

[1] ECF No. 80.
[2] ECF No. 99.
[3] ECF No. 114.
[4] ECF No. 61 at 2, ¶ 3; *see also* ECF No. 80-1 at 5.

(Rogers' employer), and Ace American Insurance Company (New Prime's insurer). Defendants removed the case to this Court in September 2019, asserting diversity jurisdiction.

Plaintiff's Complaint alleges, in part, that Defendants were negligent by failing to properly inspect, maintain and repair the tire at issue.[5] Plaintiff now seeks dismissal of Defendants' Fifth and Eighth Defenses, which assert:

## FIFTH DEFENSE

Defendants affirmatively assert and allege that the incident made the basis of the instant litigation was caused by and/or contributed to by the sole and/or partial fault and/or negligence of a third person or party for whom Defendants are not legally responsible.

. . . .

## EIGHTH DEFENSE

Defendants affirmatively assert and allege that the incident sued upon was caused by a sudden emergency and/or unforeseen act through no fault of any of the Defendants.[6]

## II.
### SUMMARY JUDGMENT STANDARD

"Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits."[7] A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[8]

---

[5] The tire at issue was a retreaded tire manufactured by Eco Tire Manufacturing. "'Eco Tire Manufacturing' is a subset of New Prime, Inc., is run by New Prime Inc. employees, and manufactures tires exclusively for use on New Prime, Inc. vehicles and trailers." ECF No. 80-9 at 2, ¶ 10; *see also* ECF No. 99-1.
[6] ECF No. 70 at 4.
[7] *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989); *see also Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991).
[8] FED. R. CIV. P. 56(a).

"A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[9] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[10]

The opposing party may not create a genuine dispute simply by alleging that a dispute exists. Rather, the opponent must cite "to particular parts of materials in the record," or show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[11] When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[12] Credibility determinations, assessments of the probative value of the evidence, inferences drawn from the facts and the like are not to be considered on summary judgment, as those are matters to be decided by the factfinder at trial.[13]

---

[9] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

[10] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

[11] FED. R. CIV. P. 56(c)(1); *see also id.* at (c)(3) (the court need only consider the cited materials, although it is permitted to consider other materials in the record as well).

[12] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).

[13] *See e.g. Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 478 (5th Cir. 2006); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## III.

### APPLICABLE LAW

Because jurisdiction is based upon diversity of citizenship, the Court applies Louisiana substantive law.[14] In Louisiana, the codal foundation for delictual actions is La. Civ. Code art. 2315, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[15] La. Civ. Code art. 2317.1 defines the basis for delictual liability for defective things:

> The . . . custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.[16]

Louisiana Civil Code article 2323 states in pertinent part:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's . . . immunity by statute, or that the other person's identity is not known or reasonably ascertainable.[17]

Louisiana law additionally provides that "[t]he state, the Department of Transportation and Development, and any political subdivision of the state have a duty to maintain, repair, construct, or reconstruct any public road, highway, bridge, or street, or any portion thereof, in a manner that is not unreasonably dangerous for a reasonably prudent driver."[18]

---

[14] *Mary v. QEP Energy Company*, 24 F.4th 411, 416 (5th Cir. 2022).
[15] La. Civ. Code art. 2315(A).
[16] La. Civ. Code art. 2317.1.
[17] La. Civ. Code art. 2323(A).
[18] La. R.S. 48:35(E)(1)(a).

When a defendant urges the fault of a non-party, it is incumbent upon that defendant to show by a preponderance of evidence that fault actually exists on the part of the non-party.[19] "Where non-parties are claimed by a defendant to be at fault in causing damages to the plaintiff, the burden shifts to the defendants to show not only the fault of the non-parties, but the percentage thereof."[20] "Therefore, despite the mandate of comparative fault, a defendant is not relieved of the burden of proving that the non-party's conduct was a causative factor of the damages sustained and was a breach of duty to the plaintiff."[21]

## IV.
### ANALYSIS

Plaintiff seeks dismissal of Defendants' Fifth Defense, which asserts third party or nonparty fault, and dismissal of Defendants' Eighth Defense, which asserts the accident was caused by a sudden emergency. Plaintiff argues these defenses are unsupported by evidence and are based upon mere speculation, and therefore they must be dismissed.[22] According to Plaintiff, at various times during this litigation Defendants have been asked to provide information supporting their defense of third party negligence, but to date, Defendants have failed to provide any such evidence.[23] As to Defendants' sudden emergency defense, Plaintiff asserts that although Defendants have "put forth a theory that the tire blowout in this case was the result of some unidentified road hazard . . . , they have been unable to show even a trace of evidentiary support that would elevate that theory beyond a mere suspicion . . . ."[24]

---

[19] *Joseph v. Broussard Rice Mill, Inc.*, 2000-0628, p. 7 (La. 10/30/00); 772 So.2d 94, 100.
[20] *Willis v. Noble Drilling (US), Inc.*, 11-598, pp. 14-15 (La.App. 5 Cir. 11/13/12); 105 So.3d 828, 842; *see also Haney v. Francewar*, 588 So.2d 1172, 1178 (La. App. 1 Cir. 1991).
[21] *Willis* at 842.
[22] ECF No. 80-1 at 15.
[23] *Id.* at 9.
[24] *Id.* at 11.

Defendants oppose the motion, arguing the deposition testimony of Rogers constitutes competent summary judgment evidence and demonstrates an issue of material fact exists, and therefore summary judgment is not warranted.[25] Defendants point to the following testimony of Rogers:

Q      And when the tire failure occurred, were you on the flat interstate, on an overpass; what was the terrain?

A      We were crossing over a bridge.

Q      And tell me what happened.

A      . . . We come up over the crest of the -- the bridge there. There was a bump in the road. We hit that bump. That's when I saw -- when I heard the -- the tire blow, at which time I immediately maintained control of the vehicle, watching out my mirrors just in case I needed to be able to shift or whatnot.[26]

Later in his testimony Rogers characterized the "bump" as "a pretty good sizeable bump."[27] Defendants additionally point to Rogers' testimony that he inspected the tractor trailer's tires three times in the 24-hour period preceding the accident and observed no obvious defects.[28] Finally, Defendants note Rogers testified that his tractor trailer's auto-inflate tire system did not alert him to any issues with the tire until he hit "the bump" on the highway.[29] Defendants contend this evidence indicates a defect in the roadway, rather than any negligence on the part of Defendants regarding the tire at issue, caused the accident. Defendants argue that defects in a roadway are the

---

[25] ECF No. 99 at 17. Defendants additionally argue the deposition testimony of Brandon Cantrell, an employee of New Prime, Inc., shows there are issues of material fact warranting a trial. *Id.* Plaintiff objects to this evidence on the basis that it is impermissible opinion testimony by a lay witness. ECF No. 114 at 7-9. It is unnecessary to resolve this issue at this time, as the Court has not considered Mr. Cantrell's testimony in connection with this Ruling.

[26] ECF No. 99-3 at 9-10.

[27] *Id.* at 16.

[28] ECF No. 99 at 4.

[29] *Id.* at 11; *see also id.* at 3; ECF No. 99-3 at 16.

responsibility of "the city, state, or federal government that controls the roadway," and therefore, if the jury finds the tire failed due to a defect in the roadway, "the fault of a third party for whom Defendants are not responsible would be the cause of the accident."[30] Defendants additionally contend "striking a defect in the surface of a roadway, resulting in the failure of a tire, is an emergency and unforeseen condition that was not the fault of Defendants."[31]

As to both defenses, the Court finds the testimony of Rogers is sufficient to overcome summary judgment on the grounds argued. Despite this determination however, a ruling in Plaintiff's favor, pursuant to Fed. R. Civ. P. 50(a), ultimately could be warranted at trial.[32] At present, the Court merely finds that, on the showing made, Defendants are entitled to present evidence supporting these defenses to the trier of fact.

## IV.
### CONCLUSION

For the foregoing reasons, the Motion for Partial Summary Judgment filed by Plaintiff is DENIED.

THUS DONE in Chambers on this 22nd day of August, 2022.


_____
**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[30] ECF No. 99 at 7.
[31] *Id.* at 7.
[32] For example, no evidence has been presented to the Court by Defendants that any third party or nonparty knew or should have known about any defect in the roadway that caused the accident. If such evidence exists, it appears to not have been provided to Plaintiff as requested in discovery. *See e.g.* ECF No. 80-2 at 9.