UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BILLY VAN WINKLE. JR.** | **CASE NO.  6:19-CV-01264** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JAMES ARTHUR ROGERS, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

**ORDER and REASONS**

The present matter before the Court is a Motion in Limine filed by plaintiff Billy Van Winkle, Jr. seeking to limit the trial testimony of defense witness Brandon Cantrell [ECF NO. 83]. Defendants, James Arthur Rogers, Ace American Insurance Company, and New Prime, Inc. ("Prime) oppose the motion. As explained below, the Court GRANTS the motion in part and DENIES the motion in part.

**I.**
**BACKGROUND**

On February 6, 2018 at approximately 9:15 p.m., Plaintiff was driving west on Interstate 10 behind a tractor-trailer owned by Prime and operated by Rogers. Plaintiff alleges that the right rear tire of Rogers' trailer "came apart and was thrown into the roadway, which Plaintiff, unable to avoid the debris, then struck, causing the Plaintiff's injuries."[1] Plaintiff filed suit in the 15th Judicial District Court for the Parish of Acadia in January 2019 against Rogers, Prime (Rogers' employer), and Ace American Insurance Company (Prime's insurer). Defendants removed the case to this Court in September 2019, asserting diversity jurisdiction.

---

[1] ECF No. 61 at 2, ¶ 3; *see also* ECF No. 80-1 at 5.

The present motion in limine concerns trial testimony of a defense witness, Brandon Cantrell. Cantrell manages the Ecotire retreading facility that allegedly retreaded the tire that failed on Rogers' tractor-trailer. Plaintiff states in his motion that "Defendants have indicated that they intend to call Brandon Cantrell as a fact witness, but not an expert witness."[2] However, Plaintiff anticipates Defendants will "attempt to elicit improper lay opinion testimony from Mr. Cantrell," and will attempt to elicit "expert-type analysis for which he is not qualified."[3] Thus, Plaintiff seeks to exclude, "or at the very least, substantially limit[]," Cantrell's testimony at trial.[4]

## II.
### DISCUSSION

Van Winkle argues that Cantrell should be precluded from offering opinion testimony at trial because he was not disclosed as an expert. According to Van Winkle, Cantrell "rendered opinion testimony on retread tire failures and specifically opinion testimony on the failure of the tire in question based on photographs of a piece of the tire" during his deposition.[5] Van Winkle argues that Defendants should be prevented from trying to "backdoor Mr. Cantrell, a lay witness, as an expert witness in this case."[6] Van Winkle thus requests a ruling precluding Cantrell "from testifying about the (1) cause of tire failure in this case, (2) whether the tire was properly manufactured and free of any defects at the time it failed, and (3) whether the casing was in good condition, suitable for retreading, or was fit for use on the roadway."[7] Defendants do not dispute that Cantrell cannot testify as an expert under Rule 702 of the Federal Rules of Evidence because he was not timely disclosed as an expert witness.

---

[2] ECF No. 83-1 at 2.
[3] *Id.*
[4] *Id.* at 6.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3.

Defendants, however, argue that Cantrell can offer lay witness opinion testimony under Rule 701 of the Federal Rules of Evidence. Rule 701 permits a lay witness to give opinion testimony when it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Lay opinion testimony is "rationally based on the witness's perception" if the witness's testimony is based on "first-hand knowledge or observations."[8] In fact, "[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination."[9] Under this standard, business owners or officers may testify based on personal knowledge obtained from their position and experience.[10] However, they cannot offer lay opinion testimony on matters of which they lack personal knowledge or experience. As one court has observed:

> Rule 701 does not give a corporate owner or officer license to testify about all aspects of the industry or business. An owner or highly placed executive may testify to what his broad responsibility and familiarity with the company or industry has taught him. But if that owner or executive tries to apply general industry or business knowledge to areas or matters about which he or she lacks information or experience that opinion cannot be admitted under Rule 701 because it is not based on personal knowledge and would instead have to be based on specialized knowledge.[11]

Van Winkle contends that Cantrell cannot testify and offer opinions as a lay witness under Rule 701 because he testified during his deposition that he lacks personal knowledge about the specific tire failure at issue in the case. Accordingly, his lay opinion testimony on this subject

---

[8] *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685 (5th Cir. 2003).
[9] *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 374 (5th Cir. 2002).
[10] *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 737 (5th Cir. 2010) (per curiam).
[11] *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F.Supp. 3d 553, 563-64 (S.D.Tex 2015).

matter would not be "rationally based on [his] perception…."[12] The Court agrees. As Van Winkle summarizes in his motion with regard to Cantrell's deposition testimony:

> Mr. Cantrell admitted being unaware of any specific Prime investigations of the crash, and he further admitted that he failed to conduct any independent investigation of his own. He had no knowledge of whether a warranty claim was made on the specific tire at issue in this case, and even stated that he had never physically looked at or examined either the tire or its remnants either before or after the crash.[13]

The record reflects that Cantrell lacks firsthand knowledge of the circumstances of the accident or the tire that failed on Rogers' tractor-trailer, and thus cannot opine as to the cause of the tire failure or the condition of the tire. Specifically, Cantrell was not aware of the condition of the failed tire before and after Ecotire retreaded the tire.[14] Nor does he have personal knowledge of the retreading process for the specific tire involved in the accident.[15] He also did not personally inspect the tire remnants after the accident.[16] Accordingly, any opinion he might offer as to the cause of the accident or the tire failure would not be based on personal knowledge, but instead, would involve expert testimony under Rule 702.

The case law cited by Defendants does not support the admission of lay opinion testimony by Cantrell with respect to the cause of the accident and the tire failure. In *Soden v. Freightliner Corp.*,[17] the lay witness at issue was the Service Manager of Freightliner trucks who testified with respect to a fire in a truck's fuel tank system. The court concluded that witness' testimony was based on personal knowledge because of his experience servicing fuel tank systems and his personal inspection of the specific fuel tank that caught fire.[18] Unlike Cantrell, the witness in *Soden*

---

[12] FRE 701(a).
[13] ECF No. 83-1 at 4 (footnotes omitted).
[14] ECF No. 83-2 at 46-47.
[15] *Id*.
[16] *Id*.
[17] 714 F.2d. 498 (5th Cir. 1983).
[18] *Id*.

had first-hand knowledge of the specific fuel tank system involved in the accident at issue. In *Emerald Land Corp. v. Trimont Entergy (BL) LLC*,[19] this Court held that the plaintiff's president could testify with respect to the coordinates of a compressor station on the plaintiff's property.[20] There, the Court concluded that the witness's discussion of the location of the compressor station was not based on "scientific, technical, or other specialized knowledge."[21] The record in that case also showed that, unlike the present case, the witness had personal knowledge of the facts on which he was testifying.[22] Accordingly, neither *Emerald Land* nor *Soden* support Defendants' argument that Cantrell should be allowed to offer lay opinion testimony at trial under Rule 701.

In sum, Cantrell's proposed lay opinion testimony as to the cause of the accident and the failure of the specific tire at issue in the case does not satisfy the requirements of Rule 701. Accordingly, the Court GRANTS Van Winkle's Motion in Limine and ORDERS that Cantrell shall not offer lay opinion testimony as to: (1) the cause of tire failure in this case, (2) whether the tire was properly manufactured and free of any defects at the time it failed, and (3) whether the casing was in good condition, suitable for retreading, or was fit for use on the roadway. This Ruling does not preclude Cantrell from offering testimony as to Ecotire's policies and practices, or testimony as to the general process involved in retreading tires, provided that Defendants establish the proper predicate by showing that Cantrell has personal knowledge of the matters upon which he is testifying.

---

[19] 2021 WL 2942912 (W.D.La. July 13, 2021).
[20] *Id*. at *3.
[21] *Id*.
[22] *Id*.

## III.
### CONCLUSION

For the foregoing reasons, the Court GRANTS Van Winkle's Motion in Limine [ECF No. 83] with respect to the testimony as outlined above. In all other respects the Motion is DENIED.

THUS DONE in Chambers on this 9th day of September, 2022.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE