UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BILLY VAN WINKLE, JR.** | **CASE NO.  6:19-CV-01264** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JAMES ARTHUR ROGERS, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM RULING**

Before the Court is a Re-Urged Motion for Summary Judgment filed by Defendants, James Arthur Rogers, Ace American Insurance Company, and New Prime, Inc., d/b/a Prime, Inc. ("Prime"), whereby Defendants seek dismissal with prejudice of all claims brought by Plaintiff, Billy C. Van Winkle, Jr.[1] Plaintiff opposes the motion, to which Defendants have filed a reply.[2] Plaintiff has additionally filed a Notice of Supplemental Authority.[3] For the reasons that follow, Defendants' motion is GRANTED.

**I.**
**BACKGROUND**

On February 6, 2018 at approximately 9:15 p.m., Plaintiff was driving west on Interstate 10 behind a tractor-trailer owned by Prime and operated by Rogers. Plaintiff alleges that the right, rear tire of Rogers' trailer "came apart and was thrown into the roadway, which Plaintiff, unable to avoid the debris, then struck, causing the Plaintiff's injuries."[4] Plaintiff filed suit in the 15th Judicial District Court for the Parish of Acadia in January 2019 against Rogers, Prime (Rogers' employer), and Ace American Insurance Company (Prime's insurer), asserting a claim against

---

[1] ECF No. 84.
[2] ECF Nos. 98, 117.
[3] ECF No. 120.
[4] ECF No. 61 at 2, ¶ 3; *see also* ECF No. 80-1 at 5.

Rogers for negligent operation of his tractor-trailer, a claim against Prime for vicarious liability, and a claim against Ace American Insurance Company as the liability insurer of Prime.[5] Defendants removed the case to this Court in September 2019, asserting diversity jurisdiction.

On September 29, 2021, Plaintiff was granted leave to file an "Amended, Supplemental and Restated Complaint," wherein he added a claim against Prime for custodial liability of a defective thing—i.e., the failed tire.[6] Defendants now seek dismissal of Plaintiff's claims for negligent operation and custodial liability of a defective thing, arguing that Plaintiff cannot meet his burden of proof on either claim because there is an absence of evidence with regard to two elements of Plaintiff's claims: (1) that the tire on Prime's tractor-trailer that "blew out" was defective, and (2) that Rogers knew or should have known of the alleged defect.[7]

## II.
### SUMMARY JUDGMENT STANDARD

"Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits."[8] A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[9] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[10] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating

---

[5] ECF No. 1-1 at 35-36.
[6] ECF No. 60; ECF No. 61 at 6-7.
[7] ECF No. 84; *see also* ECF No. 84-2 at 4.
[8] *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989); *see also Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991).
[9] FED. R. CIV. P. 56(a).
[10] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

by competent summary judgment proof that there is an issue of material fact warranting trial.[11]

The opposing party may not create a genuine dispute simply by alleging that a dispute exists. Rather, the opponent must cite "to particular parts of materials in the record," or show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[12] When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[13] Credibility determinations, assessments of the probative value of the evidence, inferences drawn from the facts and the like are not to be considered on summary judgment, as those are matters to be decided by the factfinder at trial.[14]

## III.
### DISCUSSION

As a threshold matter, the parties' briefs offer conflicting views as to what claims have been asserted by Plaintiff. Clearly, Plaintiff has pleaded negligence pursuant to La. Civ. Code art. 2315 and 2317.1, and it is those claims for which Defendants seek summary judgment.[15] Plaintiff, however, essentially ignores Defendants' construction of his Complaint and instead argues that he

---

[11] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[12] FED. R. CIV. P. 56(c)(1); *see also id.* at (c)(3) (the court need only consider the cited materials, although it is permitted to consider other materials in the record as well).
[13] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).
[14] *See e.g. Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 478 (5th Cir. 2006); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[15] ECF No. 84-2 at 4.

is asserting a claim for a "manufacturing defect" under the Louisiana Products Liability Act ("LPLA").[16] The Court addresses each claim in turn.

There is no dispute that the Complaint includes those claims for which Defendants seek summary judgment—negligent operation and custodial liability of a defective thing. Because Plaintiff does not address the merits of Defendants' properly supported motion, these claims are forfeited and Defendants' motion will be granted.[17] However, even if Plaintiff has not forfeited his negligence claims, the motion must be granted on the merits. Plaintiff has failed to demonstrate by competent summary judgment proof that Rogers breached any duty owed to Plaintiff, and therefore summary judgment is appropriate on Plaintiff's claim against Rogers for negligent operation of his tractor-trailer.[18] As to the custodial liability claim, Plaintiff has failed to demonstrate by competent summary judgment proof that the failed tire was defective,[19] or that Rogers or Prime knew or should have known of any defect in the failed tire.[20]

As previously noted, in his opposition memorandum, Plaintiff defends a products liability claim. Specifically, Plaintiff asserts the tire that failed was defective, in that it was unreasonably

---

[16] *See e.g.* ECF No. 98 at 9, 12. While Plaintiff does state that he is asserting claims "under both a general negligence theory and under the LPLA," and he does cite two of the elements he must prove under La. Civ. Code 2317.1 (an unreasonably dangerous defect and knowledge of same), ECF No. 98 at 12, Plaintiff devotes the remainder of his brief to his purported products liability claim. Presumably, this change of course is because, as argued by Plaintiff, under the LPLA Prime's knowledge of a defective product it manufactures is presumed. *Id.* at 23. Plaintiff apparently relies upon the forgoing presumption because he makes no argument regarding Prime's knowledge of any defect beyond Prime's presumptive knowledge.
[17] *See* Fed. R. Civ. P. 56(a), (c); *see also Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.") (quoting *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002)); *see also Benedetti v. Wal-Mart Stores Texas, LLC*, 788 Fed.Appx. 945, 948 n.2 (5th Cir. 2019); *Fulford v. Lowe's Home Centers, LLC*, 811 Fed.Appx. 240, 242 n.3 (5th Cir. 2020).
[18] *See Butler v. Denka Performance Elastomer,* LLC, 16 F.4th 427, 443 (5th Cir. 2021); *see also* ECF No. 84-1 at 1-4, ¶¶ 1-4, 7-12, 14-15, 19; ECF No. 98-12 at 1, ¶ 1.
[19] *Butler*, supra; *Arceneaux v. American Trucking & Transportation Ins. Co. Risk Retention Group*, 2022 WL 488052, *4; *see also* ECF No. 98 at 14-22; ECF No. 144 at 13.
[20] *See* ECF No. 84-1 at 1-3, ¶¶ 1-4, 7-9, 11; ECF No. 98-12 at 1, ¶ 1.

dangerous in its "construction or composition."[21] Thus, the question becomes whether Plaintiff actually pleaded the products liability claim he defends in his opposition memorandum. The Federal Rules of Civil Procedure provide that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[22] The United States Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[23] While a complaint "need not specify legal theories," a defendant is "entitled to know the claims against him" in order to properly defend against the claims asserted.[24] The pleading standard of Rule 8 does not demand "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[25]

In order to maintain a successful products liability action under the LPLA, a plaintiff must establish that: (1) the defendant is the manufacturer of the product, (2) the plaintiff's damage was proximately caused by a characteristic of the product, (3) this characteristic made the product "unreasonably dangerous," and (4) the plaintiff's damage arose from a reasonably anticipated use of the product by the plaintiff or someone else.[26] Further, the plaintiff must establish the product was "unreasonably dangerous" under one of four theories: (1) the product's construction or composition is defective, (2) the product's design is defective, (3) the product's warnings are inadequate, or (4) by showing a breach of an express warranty.[27] In this matter, Plaintiff alleges

---

[21] *See e.g.* ECF No. 98 at 14; *see also* ECF No. 140 at 4; La. R.S. 9:2800.54; *Id.* at 9:2800.55.
[22] Fed. R. Civ. P. 8(a)(2).
[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[24] *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* at 555).
[26] La. R.S. 9:2800.54; *see also Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002); *Flagg v. Stryker Corp.*, 647 Fed.Appx. 314, 316 (5th Cir. 2016).
[27] *Id.*

the retread tire was unreasonably dangerous in construction or composition.[28] To maintain a "construction or composition" defect claim under the LPLA, a plaintiff must additionally establish that "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."[29]

In the First Amended Complaint, Plaintiff states his claim against Prime as follows:

3.

. . . On information and belief, the tire failed when the tread of the tire completely separated from the tire core or casing.

. . . .

12.

The fault, breach of duties, and negligence of Defendant **NEW PRIME INC. d/b/a PRIME, INC.** is as follows:

    A.    Allowing Mr. Rogers to operate the Tractor-Trailer in interstate commerce with a retreaded trailer tire that was unsafe, had an unreasonably safe condition and/or was not fit for its intended purpose;

    B.    Failing to train Mr. Rogers in the proper inspection of tires on his commercial motor vehicle in compliance with the Federal Motor Carrier Safety Regulations (FMCSRs);

    C.    **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents breached their duty to systematically inspect, repair and maintain the Tractor-Trailer and retreaded trailer tire that failed pursuant to the FMCSRs;

    D.    **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents breached their duty to properly maintain the Tractor-Trailer and the retreaded trailer tire that failed before it sustained a "blow out";

---

[28] ECF No. 98 at 9, 12, 14; *see also* ECF No. 140 at 4; *Stahl* at 262-63 (A "construction or composition" claim under the LPLA "provides a remedy for damages caused by a product that is defective due to a mistake in the manufacturing process.")
[29] La. R.S. 9:2800.55; *see also Stahl* at 261; *Flagg* at 316.

E. **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents failed to investigate or knew or should have known of the unreasonably dangerous condition of the Tractor-Trailer and the retreaded tire that failed, which caused Plaintiff's injuries and damages, but failed to correct or warn of the unreasonably dangerous condition in violation of 49 CFR 396.7;

F. **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents breached their duty to maintain adequate records of, monitor, identify, or track the history, including repair and retread history, of the Tractor-Trailer and retreaded tire that failed;

G. **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents failed to investigate or knew or should have known that the Tractor-Trailer and the retreaded tire that failed had not been properly maintained before it failed and did not correct or warn of the lack of proper maintenance;

H. **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents knew or should have known that the retreaded tire that failed on the trailer had not been properly retreaded and did not correct or warn about the dangerous condition;

I. **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents knew or should have known that the unreasonably dangerous condition of the Tractor-Trailer and the retreaded trailer tire that failed would foreseeably cause Plaintiff's injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

J. **NEW PRIME, INC. d/b/a PRIME, INC**. and its employees and agents failed to exercise reasonable care in the manufacture, inspection, maintenance, and repair of the Tractor-Trailer and the retreaded trailer tire that failed;

K. **NEW PRIME, INC. d/b/a PRIME, INC.** failed to properly supervise its employees and agents relating to its interstate trucking operation, including but not limited to the proper manufacture, inspection, maintenance and repair of the Tractor-Trailer and the retreaded trailer tire that failed;

L. **NEW PRIME, INC. d/b/a PRIME, INC.** was negligent in the hiring of its employees and agents responsible for its interstate trucking operation, including but not limited to the proper manufacture, inspection, maintenance and repair of the Tractor-Trailer and the retreaded trailer tire that failed;

  M. **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents failed to act as reasonable persons under the same or similar circumstances; and

  N. **NEW PRIME, INC. d/b/a PRIME, INC.** and its employees and agents failed to promulgate, implement and enforce rules, regulations and safety systems to avoid retreaded tire failure such as that which forms the basis of this instant lawsuit.[30]

The Court finds the forgoing statements are insufficient to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests."[31] Plaintiff does not include any allegations indicating that any defect in the failed tire existed at the time it left Prime's control, or that the tire deviated from Prime's normal specifications and performance standards, or from other identical tires manufactured by Prime.[32] And while not necessarily dispositive, nowhere in the Complaint does Plaintiff use the term "products liability," nor does he cite to the LPLA. Indeed, it is only by implication and reading the Complaint in the broadest possible manner that one can infer that Plaintiff is alleging Prime is a "manufacturer" under the LPLA.[33] The Court therefore finds that the Complaint reflects only the claims addressed in Defendants' motion, and Plaintiff did not plead the claim he now asserts.

  The Fifth Circuit takes two approaches when new claims are raised for the first time in response to a motion for summary judgment.[34] The first approach, upon which Defendants rely, states that a "claim which is not raised in the complaint, but rather, is raised only in response to a motion for summary judgment is not properly before the court."[35] The second approach directs

---

[30] ECF No. 61 at 2, 6-7 (emphasis in original).
[31] *Twombly*, 550 U.S. at 555.
[32] *See Flagg*, 647 Fed.Appx. at 317-18.
[33] *See* La. R.S. 9:2800.53(1).
[34] *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 373 (5th Cir. 2021).
[35] *Id.* (quoting *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)); *see also* ECF No. 117 at 5-6.

district courts to treat a new claim raised in opposition to a motion for summary judgment as a request for leave to amend the complaint.[36] As described by the Fifth Circuit, the latter approach applies only "[u]nder certain compelling circumstances."[37] Regardless, "[w]hen a party wishes to add a new claim after the deadline for amending the pleadings has passed, the party generally must move for leave to amend," and leave "can only be granted for good cause."[38]

Here, Plaintiff has not moved for leave to amend the Complaint, nor has he demonstrated good cause for same. Permitting Plaintiff to assert a new theory of liability at this stage of the proceedings would unduly prejudice Defendants. The deadline for filing amended pleadings was May 22, 2020.[39] After several extensions, discovery closed on January 7, 2022.[40] "A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."[41] Here, if the Court were to permit Plaintiff to add a products liability claim at this late date, discovery would have to be reopened so that Defendants could develop their evidence to defend against this theory, as a products liability claim requires the development of different defenses than those which are necessary to defend against negligence theories under La. Civ. Code arts. 2315 and 2317.1. For these reasons, the Court will not *sua sponte* infer a motion for leave that has never been made.

---

[36] *Douglas*, *supra* (citing *Pierce v. Hearne Indep. Sch. Dist.*, 600 Fed.Appx. 194, 200 (5th Cir. 2015); *see also e.g. Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 (5th Cir. 2008).
[37] *Harry v. Dallas Housing Authority*, 662 Fed.Appx. 263, 270 (5th Cir. 2016) (citing *Riley v. Sch. Bd. Union Par.*, 379 Fed.Appx. 335, 341 (5th Cir. 2010) (*pro se* plaintiff); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) (serious errors by plaintiff's counsel)); *see also Jackson v. Gautreaux*, 3 F.4th 182, 189 (5th Cir. 2021).
[38] *Douglas* at 373 (citing Fed. R. Civ. P. 16(b)(4)).
[39] ECF No. 6 at 1, no. 4; *see also* ECF Nos. 19, 39, 42 and 125. The Court notes it previously granted Plaintiff leave to file an amended Complaint beyond the deadline set forth in the scheduling order. ECF No. 60.
[40] ECF Nos. 68, 69.
[41] *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1292 (9th Cir. 2000).

Alternatively, any "construction or composition" claim asserted under the LPLA is denied on the merits. Plaintiff has offered no competent summary judgment proof of an unreasonably dangerous characteristic of the failed tire,[42] nor any evidence related to the tire's product specifications or performance standards.[43] Finally, Plaintiff's reliance on the doctrine of *res ipsa loquitor* is misplaced.[44] On these facts, Plaintiff cannot show that tire blowouts do not ordinarily occur in the absence of negligence, as "[t]here are numberless means or causes other than a defect in the manufacture, which bring about a blow out of a tire."[45] Further, Plaintiff has not eliminated other potential causes of the injury, as there is competent evidence in the record that the blowout was due to Rogers hitting a sizeable bump after he crossed a bridge.[46]

## IV.
### CONCLUSION

For the foregoing reasons, Defendants Re-Urged Motion for Summary Judgment is GRANTED, and all claims asserted by Plaintiff in this matter are DISMISSED WITH PREJUDICE.

THUS DONE in Chambers on this 15th day of September, 2022.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[42] "Defects are not presumed to be present by the mere happening of an accident." *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1364 (La. 1992); *see also Dudenhefer v. Davol, Inc.*, 52 F.3d 1068, *4 (5th Cir. 1995); *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000). Further, Plaintiff has offered no expert testimony indicating the dangerous characteristic of the tire that caused his injuries. *See e.g. Arant v. Wal-Mart Stores, Inc.*, 628 Fed.Appx. 237, 239 & n.2 (5th Cir. 2015)
[43] *Dudenhefer* at *4.
[44] ECF No. 98 at 24-26.
[45] *Arceneaux*, 2022 WL 488052 at *5 (alteration in original) (quoting *Williams v. U.S. Royal Tires*, 101 So.2d 488, 492 (La. App. 1958)).
[46] ECF No. 99-3 at 9-10, 16.