UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BILLY VAN WINKLE, JR.** | **CASE NO. 6:19-CV-01264** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JAMES ARTHUR ROGERS, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING and ORDER

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff, Billy Van Winkle Jr. [ECF Nos. 157, 159]. Pursuant to his motion, Plaintiff seeks judgment in his favor finding Defendants "liable to Plaintiff for the defective manufacturing of the tire that blew out and struck his vehicle, causing his injuries."[1] Defendants, James Arthur Roberts, Ace American Insurance Company, and New Prime Inc. (d/b/a Prime, Inc.), oppose the motion, and Plaintiff has filed a reply.[2] Oral argument is not necessary. After careful consideration of the law, the facts in the record, and the arguments and submissions of the parties, Plaintiff's motion is DENIED.

Plaintiff contends that a judgment finding Defendants liable for the accident sued upon is warranted, because he "has ruled out all other potential causes [of the accident,] leaving only a manufacturing defect as the most probable cause of the tire failure."[3] In support of this position, Plaintiff argues Defendant Rogers' testimony that he hit a "sizable bump" on the highway immediately before the tire failed is too speculative to defeat Plaintiff's argument that only a manufacturing defect could have caused the tire failure.[4] Plaintiff further argues Defendants cannot rely on the defense of "sudden emergency" to show something other than a manufacturing defect

---

[1] ECF No. 159 at 1.
[2] ECF Nos. 163, 175.
[3] ECF No. 157 at 20.
[4] *Id.*

caused the accident, because this "affirmative defense" is insufficiently pleaded. Alternatively, Plaintiff contends Defendants have failed to carry their burden on this defense by "clear and convincing evidence."[5] Defendants respond that: (1) Plaintiff's motion is untimely; (2) the relief Plaintiff seeks would violate the law of the case doctrine; and (3) the defense of "sudden emergency" was properly and adequately pleaded.[6]

The Court finds Plaintiff's Motion for Partial Summary Judgment is untimely. After issuance of the Fifth Circuit's mandate, the Court referred this matter to the Magistrate Judge to reset the trial date and to issue a case-specific scheduling order.[7] At the subsequent October 19, 2023 conference, in accordance with the parties' agreement, the Magistrate Judge reset the trial for February 5, 2024 and issued a new scheduling order that did not include a new deadline for the filing of dispositive motions.[8] Nevertheless, Plaintiff filed his Memorandum in Support of this motion on November 22, 2023, and filed the actual Motion on November 27, 2023.[9] Plaintiff neither sought, nor was he granted, leave to modify the scheduling order.[10]

Plaintiff contends that because this is a "Re-Urged Motion for Partial Summary Judgment" that is "nearly identical" to his original, timely motion (filed prior to the appeal of this matter), it is not a "new motion," and therefore "no new scheduling order entry for dispositive motions was required for this pleading, as it had already been timely filed."[11] Plaintiff further asserts Defendants

---

[5] *Id.* at 14.
[6] ECF No. 163 at 13, 14, 17-20.
[7] ECF No. 151.
[8] ECF No. 154; *see also* ECF No. 155. In its brief, Defendants state that all counsel represented to the Magistrate Judge at the conference that no additional dispositive motions were anticipated. [ECF No. 163 at 13]. While Defendants provide no evidence in support of this statement, it would appear to comply with the custom in the Lafayette Division. Had there been disagreement on that issue, the minutes of the conference would have so noted.
[9] ECF No. 157, 159.
[10] *See* Fed. R. Civ. P. 16(b)(4). Further, even if no scheduling order had issued, the default deadline for the filing of motions for summary judgment set forth in Fed. R. Civ. P. 56(b) has long passed, and Plaintiff did not seek leave to file an out-of-time motion. *See* Fed. R. Civ. P. 56(b).
[11] ECF No. 167-2 at 5.

have suffered no prejudice by the untimeliness of the filing.[12] Alternatively, if the Court deems the motion untimely, Plaintiff contends "that the motion is nonetheless timely and appropriate under Federal Rule of Civil Procedure 60(b)."[13]

First, this is not a "re-urged" motion. Plaintiff's original motion sought dismissal of two defenses asserted by Defendants—third-party/non-party fault, and sudden emergency/unforeseen act.[14] The present motion seeks a judgment finding Defendants "liable to Plaintiff for the defective manufacturing of the tire that blew out and struck his vehicle, causing his injuries."[15] While some of the issues raised in the original motion are relevant to the instant motion, clearly the motions are not "nearly identical" as they do not seek the same relief. Plaintiff's original motion would not have resulted in a finding that Defendants are liable for a manufacturing defect, as other defenses asserted by Defendants that were not addressed in Plaintiff's original motion would prevent such a finding.[16]

Second, the Court declines to convert the present motion for judgment on liability into a Rule 60 motion for relief from judgment. Reconsideration of the Court's prior decision would not provide Plaintiff the relief he now seeks—a finding that Defendants are liable for Plaintiff's products liability claim. At best, reconsideration would result in an Order that Defendants are prohibited from arguing the defenses of sudden emergency and/or unforeseen act at trial. Such a result would not provide Plaintiff the relief he seeks as there are other issues at play which preclude summary judgment (e.g., whether Plaintiff was comparatively at fault in causing the accident).

---

[12] *Id.*
[13] *Id.*
[14] *See* ECF No. 80; *see also* ECF No. 130 at 1-2.
[15] ECF No. 159 at 1.
[16] *See e.g.*, ECF No. 70 at 4 ("Sixth Defense").

Further, a finding in Plaintiff's favor on the present motion would violate the law of the case doctrine, because it would necessarily require the Court to reexamine the Fifth Circuit's decision affirming the undersigned's judgment on the defenses of sudden emergency and/or unforeseen act. Plaintiff asserts that the Court must reconsider its decision on these defenses, because the Fifth Circuit's reversal of the Court's decision on the defense of third-party fault "precludes the Defendants from using the 'road defect' or sudden emergency excuse at trial."[17]

Under the law-of-the case doctrine, "the district court on remand, or the appellate court on a subsequent appeal, abstains from reexamining an issue of fact or law that has already been decided on appeal."[18] A corollary of that doctrine is the mandate rule which, absent exceptional circumstances, "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."[19] Further, the rule "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived."[20] Thus, district courts generally may not reconsider their own rulings "made before appeal and not raised on appeal."[21]

Prior to the appeal of this case, the Court denied Plaintiff's Motion for Partial Summary Judgment which sought dismissal of two defenses asserted by Defendants—namely, third-party fault and sudden emergency.[22] Plaintiff appealed this Ruling. On appeal, the Fifth Circuit reversed

---

[17] ECF No. 167-2 at 8. The remainder of Plaintiff's arguments on this issue warrant no further discussion because their consideration would clearly violate the mandate rule and would require credibility determinations inappropriate on summary judgment. *See id.* at 9-13.
[18] *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) (quoting *United States v. Teel*, 691 F.3d 578, 582 (5th Cir. 2012)).
[19] *U.S. v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004); *see also Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) ("The mandate rule requires a district court on remand to effect [the appellate court's] mandate and to do nothing else.").
[20] *United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016) (citations omitted).
[21] *Id.* (citation omitted).
[22] *See* ECF No. 130.

the undersigned's denial of summary judgment on the defense of third-party fault.[23] As to the defense of sudden emergency, the Court found:

> Van Winkle does not explain, however, how the district court erred in denying summary judgment on Defendants' other defense of sudden emergency or unforeseen act. He does not even recite the elements of the defense or cite any caselaw to support his general assertion that the district court erred. Thus, Van Winkle has abandoned this argument on appeal for failure to brief it.
>
> . . . We do not disturb the district court's judgment regarding Defendants' affirmative defense of sudden emergency.[24]

As the Fifth Circuit expressly found Plaintiff abandoned his argument that the undersigned erred in denying his motion seeking dismissal of the sudden emergency defense, application of the mandate rule forecloses revival of this issue at this time.[25]

Further, the Court finds no merit in Plaintiff's argument that the Court must reconsider its decision, because the Fifth Circuit's reversal of the Court's decision on the defense of third-party fault necessarily precludes the use of the sudden emergency/unforeseen act defenses. Specifically, Plaintiff contends that "[t]he Fifth Circuit's holding that the Defendants have no evidence to support their defense of third party fault precludes the Defendants from using the 'road defect' or sudden emergency excuse at trial. Should the Defendants be allowed to blame a defect in the road as the cause of the tire failure, then the Fifth Circuit's ruling is meaningless."[26] On the issue of third-party fault, the Fifth Circuit ruled in pertinent part as follows:

> For the custodian of a highway, such as the State of Louisiana, to be held liable for third-party fault, Defendants must prove that . . . (3) the State had actual or constructive notice of the defect and failed to take corrective measures within a

---

[23] *Van Winkle v. Rogers*, 82 F.4th 370, 383, 384 (5th Cir. 2023).
[24] *Id.* at 383 (citation omitted).
[25] *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996) (Where a claim was asserted in plaintiff's complaint but was not presented in plaintiff's original appeal and was expressly deemed to have been abandoned by the Fifth Circuit, "the district court exceeded the scope of the remand in addressing this abandoned issue."); *see also e.g. United States v. Carter*, 789 Fed.Appx. 451, 452 (5th Cir.2020); *Bazemore*, 839 F.3d at 385.
[26] ECF No. 167-2 at 8.

> reasonable time . . . . *See Boothe v. Dep't of Transp. & Dev. & Par. of E. Baton Rouge*, 285 So. 3d 451, 456–57 (La. 2019).
>
> As the district court noted, "no evidence has been presented to the Court by Defendants that any third party or non-party knew or should have known about any defect in the roadway that caused the accident." Thus, Defendants did not carry their burden on summary judgment of showing that the sole cause of the crash was the fault of any third party. The district court erred in holding otherwise. The court should have foreclosed use of that defense at trial.
>
> . . .
>
> We accordingly reverse the district court's denial of Plaintiff's motion for partial summary judgment as to Defendants' affirmative defense of third-party fault.[27]

As set forth above, the Fifth Circuit did not hold that "Defendants have no evidence to support their defense of third party fault." Rather, the Fifth Circuit found Defendants failed to carry their burden of showing that any non-party had actual or constructive knowledge of a defect in the roadway. As knowledge is not an element of proof for the defense of sudden emergency, Plaintiff's argument fails.

Finally, even if Plaintiff's motion was timely and law-of-the case was not a factor, summary judgment finding Defendants liable for the incident sued upon would still be

---

[27] *Van Winkle* at 383. The Court notes that its dicta that knowledge on the part of any non-party was relevant was incorrect. While this statement was taken from the *Boothe* line of cases, upon closer review, it would appear *Boothe* is inapplicable to this matter. *Boothe* set forth the legal requirement that before the DOTD can "be held liable," a claimant must show "DOTD had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time." *Boothe v. Dep't of Transp. & Dev. & Par. of E. Baton Rouge*, 2018-1746, p. 7 (La. 6/26/19); 285 So.3d 451, 456. Here, Defendants do not seek to hold DOTD *liable* for any judgment, but merely assert DOTD's responsibility for defects in the roadway support its affirmative defense of third-party/non-party fault. La. Civ. Code art. 2323 mandates that in "any action" for recovery of damages for injury, death, or loss (asserted under any law), the percentage of fault of "all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's . . . immunity by statute, . . . or that the other person's identity is not known or reasonably ascertainable." La. Civ. Code art. 2323. Thus, it would seem that knowledge on the part of a non-party is unnecessary for purposes of La. Civ. Code art. 2323. The Court is unaware of any requirement under Louisiana law that fault of the non-party must be the "sole cause" of the incident sued upon. Nevertheless, the mandate rule precludes the use of the affirmative defense of non-party fault at trial.

inappropriate. Pursuant to La. Civ. Code art. 2323, "[i]n any action for damages where a person suffers injury, death, or loss," regardless of what law, doctrine or theory of liability is invoked, the fault of all persons, whether they are a party or nonparty to the suit, must be determined.[28] Thus, "[c]omparative fault principles under La. Civ. Code art. 2323 apply to LPLA claims."[29] Here, Defendants have pointed to multiple issues of fact regarding the comparative fault of Plaintiff (e.g., following too closely, failure to maintain a proper lookout, etc.). Thus, there remain issues which must be determined by the trier of fact, and therefore summary judgment as to liability is inappropriate.[30]

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment [ECF Nos. 157, 159] and Plaintiff's Motion for Oral Argument [ECF No. 158] are DENIED.

THUS DONE in Chambers on this 17th day of January, 2024.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[28] La. Civ. Code art. 2323(A), (B).
[29] *See e.g. Roman v. Western Mfg., Inc.*, 691 F.3d 686, 700 (5th Cir. 2012) (citing *Scott v. Am. Tobacco, Co.*, 830 So.2d 294, 303 (La. 2002) (Victory, J., concurring and dissenting); *Kampen v. Am. Isuzu Motors, Inc.*, 157 F.3d 306, 315–16 (5th Cir. 1998) (en banc)); *see also* H. Alston Johnson, III, 18 La. Civ. L. Treatise, Civil Jury Instructions § 11:12 (3d ed.) (The statement in the opening paragraph of the LPLA (La. R.S. 9:2800.52) that "conduct or circumstances that result in liability under this chapter are 'fault' within the meaning of Civil Code Article 2315," is intended to make comparative negligence a defense to an LPLA claim).
[30] The general rule under Louisiana law is that "the granting of summary judgment as to liability must dispose of all liability issues, including contributory or comparative negligence." *Rance v. Harrison Co., Inc.*, 31,503, p. 8 (La.App. 2 Cir. 1/20/99); 737 So.2d 806, 810, *writ denied*, 99-0778 (La. 4/30/99); 743 So.2d 206; *see also e.g. Williams v. City of New Orleans*, 637 So.2d 1130, 1132 (La. Ct. App.1994), *writ denied*, 94-1587 (La. 10/7/94); 644 So.2d 632.